**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**v.) No. 23-687** (Summers County CC-45-2008-F-35)

**Donald G. Galloway,**
**Defendant Below, Petitioner**

**MEMORANDUM DECISION**

Petitioner Donald G. Galloway appeals the Circuit Court of Summers County's November 13, 2023, order denying his request for relief under Rule 35(a) of the West Virginia Rules of Criminal Procedure, arguing that his recidivist conviction was improperly based, in part, on a 2004 manslaughter conviction.[1] Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

On February 10, 2010, a Summers County jury convicted the petitioner for possession of a controlled substance with intent to deliver. The petitioner was subsequently indicted by information and tried as a recidivist. The State presented evidence of the petitioner's prior felony convictions: an August 23, 2004, conviction for voluntary manslaughter; a July 7, 2000, conviction for possession of a controlled substance with intent to deliver; and a March 25, 1995, conviction for third-degree sexual assault. The jury convicted the petitioner as a recidivist, and the circuit court sentenced him to life imprisonment by order entered on March 2, 2010.

Thereafter, the petitioner appealed his conviction; this Court denied the petitioner's appeal in 2011. *See State v. Galloway*, No. 101185 (W. Va. Mar. 11, 2011).[2] In September 2014, the petitioner filed a petition for a writ of habeas corpus; the circuit court denied his petition. The petitioner appealed the denial of his habeas petition, and this Court affirmed the circuit court. *See Galloway v. Ballard*, No. 15-1005, 2016 WL 5210850 (W. Va. Sept. 19, 2016) (memorandum decision). The petitioner filed a second petition for a writ of habeas corpus on July 3, 2018. The circuit court again denied the petitioner's habeas petition, and this Court affirmed that ruling on

---

[1] The petitioner is self-represented. The State of West Virginia appears by Attorney General John B. McCuskey and Deputy Attorney General Andrea Nease. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel.

[2] The petitioner appealed this ruling to the United States Supreme Court, which also denied him appellate relief. *See Galloway v. West Virginia*, 565 U.S. 914 (2011).

appeal. *See Galloway v. Ames*, No. 18-0688, 2019 WL 6048283 (W. Va. Nov. 15, 2019) (memorandum decision). On November 9, 2023, the petitioner filed a "Motion to Correct Illegal Sentence" pursuant to Rule 35(a), alleging that the circuit court had improperly sentenced him as a recidivist offender. The circuit court entered an order on November 13, 2023, denying the petitioner's motion, noting that it had reviewed the petitioner's motion and determined that it had no merit. The petitioner now appeals the circuit court's November 13, 2023, order.

We have stated:

> In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

Syl. Pt. 1, *State v. Head*, 198 W. Va. 298, 480 S.E.2d at 507 (1996). Rule 35(a) of the West Virginia Rules of Criminal Procedure provides that "[t]he court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time period provided herein for the reduction of a sentence."

The petitioner argues that the circuit court erred by illegally using an August 23, 2004, manslaughter conviction as a qualifying offense for his recidivist conviction. The petitioner asserts that the criminal act underlying his 2004 manslaughter conviction was committed in 1988—before his 1995 and 2000 convictions were committed and those sentences were imposed. The petitioner further contends that the court's inclusion of that offense violated West Virginia Code § 61-11-18(a) (2000), which provides, in relevant part, that "[w]hen it is determined, as provided in section nineteen of this article,[3] that such person shall have been twice before convicted in the United States of a crime punishable by confinement in a penitentiary, the person shall be sentenced to be confined in the state correctional facility for life." We have indicated that "to sustain a conviction in a recidivist action, the prosecution must prove that each offense is committed subsequent to each preceding conviction and subsequent to each preceding sentence." *State v. Norwood*, 242 W. Va. 149, 156, 832 S.E.2d 75, 82 (2019).

Upon our review of the record, we determine that the petitioner's recidivist conviction is supported by a sufficient number of qualifying prior offenses. Although the petitioner argues that the circuit court erroneously relied on the August 23, 2004, conviction when imposing his recidivist sentence, he does not dispute that he was convicted of qualifying recidivist offenses on March 25, 1995; July 7, 2000; and February 10, 2010, all of which were committed subsequent to each preceding conviction. Therefore, it is uncontested that the petitioner has "been twice convicted" of a qualifying offense as required by the recidivist statute. *See* W. Va. Code § 61-11-18(a). Thus, even if the criminal act underlying the petitioner's August 23, 2004, manslaughter conviction preceded the criminal conduct and sentencing for his prior felony convictions, the

---

[3] West Virginia Code § 61-11-19 details the procedures for indicting and prosecuting a habitual felony offender.

March 25, 1995, and July 7, 2000, convictions remain as viable qualifying recidivist offenses and are sufficient to support his recidivist conviction. This Court has indicated that where "more than the statutory number of prior convictions have been proved at the recidivist trial, the rule generally is that the excess proof is surplusage and does not affect the validity of the life recidivist conviction." *State v. Jones*, 187 W. Va. 600, 607, 420 S.E.2d 736, 743 (1992). Consequently, the petitioner's sentence was not illegal Accordingly, we determine that the circuit court did not abuse its discretion in denying the petitioner's Rule 35(a) motion.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** March 24, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III